**FARM AND CITY INSURANCE COMPANY, Appellant,**

v.

**Richard S. COOVER and Nick Bovis, Appellee.**

**No. 2–56597.**

Supreme Court of Iowa.

Jan. 22, 1975.

Joe Cosgrove, Sioux City, for appellant.

David E. Vohs, Sioux City, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question presented in this case of first impression in Iowa is whether an injured person whose loss may be indemnified by the liability insurance of another is a proper party in a declaratory judgment action between the insurer and insured regarding coverage. The trial court held he is not. We reverse.

Plaintiff Farm and City Insurance Company issued a motor vehicle liability insurance policy to defendant Richard S. Coover. Subsequently motor vehicles driven by Coover and defendant Nick Bovis collided, and Bovis sued Coover for damages he alleged he sustained in the accident. Coover demanded that plaintiff defend and indemnify him pursuant to the insurance policy. Plaintiff denied coverage and brought this declaratory judgment action against Coover and Bovis seeking an adjudication that its policy did not cover Coover with respect to Bovis' claim. Bovis moved to dismiss the petition as to him. The trial court sustained the motion on the ground no justiciable controversy existed between plaintiff and Bovis. We disagree.

We have recently restated the rules relating to the availability of declaratory judgment procedure. At issue here is the first requirement, the existence of a justiciable controversy between the parties. A declaratory judgment may not be sought against a party who does not hold a concrete adverse legal interest. The question in each case, admittedly one of degree, is whether there is a substantial controversy between parties having antagonistic legal interests of sufficient immediacy and reality to warrant declaratory judgment. Bechtel v. City of Des Moines, 225 N.W.2d 326 (Iowa 1975), filed separately this date; Green v. Shama, 217 N.W.2d 547, 551 (Iowa 1974), and citations.

We adopted our justiciable controversy standard from Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). See Katz Investment Co. v. Lynch, 242 Iowa 640, 47 N.W.2d 800 (1951). The parties in the Maryland Casualty Co. case stood in exactly the same relationship as the parties in this case. The facts are analogous. In that case the district court and court of appeals upheld the demurrer of the injured person, finding no justiciable controversy between the insurer and him. The Supreme Court reversed, holding that Ohio's direct action statute, permitting the injured person to proceed against the insurer if he obtained a judgment against the insured which was not

satisfied after 30 days, gave the injured person a sufficient adverse legal interest to the insurer as of the time of the accident. The court also noted that if the injured person was not a party to the declaratory judgment action he would not be bound by it and, confronted with an adjudication of non-coverage, might obtain an opposite interpretation of the insurance policy in another lawsuit.

 Iowa's direct action statute gives an injured person who obtains a judgment the right to proceed against the insurer if his execution against the judgment debtor is returned unsatisfied. § 516.1, The Code. This right does not accrue until after judgment is obtained and an execution is returned unsatisfied. McCann v. Iowa Mutual Liability Ins. Co., 231 Iowa 509, 1 N.W.2d 682 (1942). However, the statute gives the injured person an interest in the liability insurance policy adverse to both the insurer and insured at the time of the injury. Maryland Casualty Co. v. Pacific Coal & Oil Co., supra. The statute is designed to protect the injured person, not the insurer or insured. It does not permit the insurer and insured to do anything by litigation or agreement between them alone to abrogate or compromise coverage existing at the time of the accident.

The general rule is that the injured person's interest in the liability insurance policy of the insured arising at the time of the injury under this kind of direct action statute is sufficient to make a coverage dispute between the insurer and insured a justiciable controversy between the insurer and the injured person. Id.; New Amsterdam Casualty Co. v. Murray, 242 F.2d 549 (6 Cir. 1957); Spann v. Commercial Standard Ins. Co., 82 F.2d 593 (8 Cir. 1936); Southern Farm Bureau Casualty Ins. Co. v. Robinson, 236 Ark. 268, 365 S.W.2d 454 (1963); Shapiro v. Republic Indemnity Co., 52 Cal.2d 437, 341 P.2d 289 (1959); Mensinger v. Standard Acc. Ins. Co., 202 Ga. 258, 42 S.E.2d 628 (1947); Sobina v. Busby, 62 Ill.App.2d 1, 210 N.E.2d 769 (1965); West v. Monroe Bakery, 217 La. 189, 46 So.2d 122 (1950); Hocken v. Allstate Insurance Co., 235 Mo.App. 991, 147 S.W.2d 182 (1941); In re Estate of Gardinier, 40 N.J. 261, 191 A.2d 294 (1963); Storm v. Nationwide Mutual Ins. Co., 199 Va. 130, 97 S.E.2d 759 (1957).

We believe the general rule is supported by sound reasoning and is consistent with our justiciable controversy standard. We therefore adopt it.

Applying that rule, we conclude the trial court erred in holding there was no justiciable controversy between plaintiff and defendant Bovis in this case. The motion to dismiss should have been overruled.

Reversed.