# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1216

_____

| | | |
|---|---|---|
| St. Croix Waterway Association, an unincorporated association, | * * * | |
| Appellant, | * * * | |
| v. | * * | |
| George E. Meyer, in his official capacity as Secretary of the Wisconsin Department of Natural Resources; Rodney Sando, in his official capacity as Commissioner of the Minnesota Department of Natural Resources, | * * * * * * * * | Appeal from the United States District Court for the District of Minnesota |
| Appellees. | * | |

_____

Submitted:  October 20, 1998

Filed:  March 12, 1999

_____

Before McMILLIAN, LAY and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

St. Croix Waterway Association (the Association) appeals from a final order entered in the United States District Court[1] for the District of Minnesota dismissing with prejudice its complaint seeking a declaratory judgment that "slow-no wake" motorboat speed limit regulations applicable to the Lower St. Croix River are unconstitutionally vague on their face and violate the public trust doctrine. St. Croix Waterway Ass'n v. Meyer, Civil No. 97–166 (D. Minn. Dec. 22, 1997) (memorandum opinion and order). For reversal, the Association argues that the district court erred in ignoring certain facts it alleged in support of its claim and in holding that the slow-no wake regulations are not unconstitutionally vague on their face and do not violate the public trust doctrine. For the reasons discussed below, we affirm the order of the district court.

## JURISDICTION

Jurisdiction in the district court was based on 28 U.S.C. § 1331. Jurisdiction in this court is based on 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## BACKGROUND

The Association is an unincorporated association of individuals who regularly operate motorboats on the Lower St. Croix River in zones where slow-no wake regulations are enforced. Appellees George E. Meyer and Rodney W. Sando are the Secretary of the Wisconsin Department of Natural Resources and the Commissioner of the Minnesota Department of Natural Resources, respectively. Appellees were sued in their official capacities; they are responsible for enforcement of the challenged regulations.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

The Lower St. Croix River forms part of the boundary between Minnesota and Wisconsin. The states jointly manage this portion of the river. Minnesota and Wisconsin have adopted identical regulations requiring that motorboats travel no faster than the slow-no wake speed on certain areas of the river. See Minn. R. 6105.0320, subpt. 4; Wis. Admin. Code § NR 5.32(3). These regulations provide that "'slow-no wake' means operation of a motorboat at the slowest possible speed necessary to maintain steerage." These regulations were adopted in 1979 and were expanded in 1995 to additional areas of the Lower St. Croix River for environmental and safety reasons. According to the Association, Minnesota and Wisconsin have joint jurisdiction over the Lower St. Croix River, and law enforcement officers of each state enforce their respective state's slow-no wake regulations from shore to shore on the Lower St. Croix River.

This action began in January 1996 when the Association filed a complaint against appellees seeking a declaratory judgment that the slow-no wake regulations were unconstitutionally vague on their face. Appellees filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The magistrate judge held that the court had subject matter jurisdiction and personal jurisdiction and that the regulations were not unconstitutionally vague and dismissed the complaint with prejudice. See St. Croix Waterway Ass'n v. Meyer, 942 F. Supp. 435, 444 (D. Minn. 1996) (St. Croix I).[2] The Association filed a motion to "modify or reconsider," which the magistrate judge considered as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment. The magistrate judge modified the order and dismissed the complaint without prejudice. Id., Slip op. at 5 (Dec. 23, 1996) (order).

The present case began in January 1997 when the Association filed an amended complaint, reasserting its claim that the slow-no wake regulations are

[2]The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

unconstitutionally vague on their face in violation of the due process clauses of the Constitutions of the United States, Minnesota and Wisconsin. The Association made essentially the same allegations that it had made in its initial complaint. The Association alleged that the regulations failed to provide adequate notice of what conduct is prohibited or sufficient standards to prevent arbitrary and discriminatory law enforcement. The Association also alleged that Minnesota and Wisconsin law enforcement officers enforced the regulations in a selective, arbitrary or discriminatory manner against its members, individuals who operated certain types of motorboats and individuals who operated motorboats registered in other states. The Association also alleged that the regulations violated the public trust doctrine. Appellees filed Rule 12(b)(6) motions to dismiss.

The district court held that the slow-no wake regulations were not unconstitutionally vague on their face. The district court found that the regulations provided adequate notice of what conduct is prohibited because the regulations did not use overly technical terms to describe the prohibited conduct, the language used is clear and unambiguous, and the regulations are specific enough to be comprehensible to people of ordinary intelligence. See slip op. at 6-7. The district court compared the phrase "the slowest possible speed necessary to maintain steerage" used in the regulations to statutes requiring trucks to take "the shortest practical route" and statutes requiring motorists to drive at speeds that are "reasonable and prudent under the conditions." Id. at 7, citing Sproles v. Binford, 286 U.S. 374 (1932); State v. Gladstone, 144 Minn. 405, 175 N.W. 892 (1920); Mulkern v. State, 176 Wis. 490, 187 N.W. 190 (1922). The district court observed that, "[d]espite some degree of uncertainty in the parameters of the prohibited conduct, courts have upheld the 'reasonable and prudent' speed limits. Nothing in the present case mandates a different outcome for the analogous 'slow-no wake' regulations." Id. at 7-8.

The district court also found that the regulations set forth minimal guidelines that provided law enforcement officers with sufficient standards to prevent arbitrary and discriminatory enforcement. See id. at 8. The district court also held that the public trust doctrine[3] did not apply because each state had the authority under the public trust doctrine to regulate activity on waterways held in trust for the public. See id. at 9. The district court dismissed the Association's amended complaint with prejudice. The Association then filed a motion to supplement the record and a proffer, which the district court denied. This appeal followed.

DISCUSSION

We review de novo the district court's decision to grant the Rule 12(b)(6) motion to dismiss. We take the well-pleaded allegations in the complaint as true and view the complaint, and all reasonable inferences arising therefrom, in the light most favorable to the plaintiff. The question before the district court, and this court on appeal, is whether the plaintiff can prove any set of facts which would entitle the plaintiff to relief. See Fed. R. Civ. P. 12(b)(6); see, e.g., Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995). The complaint should be dismissed "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted).

For reversal, the Association first argues that the district court erred in dismissing the complaint because it believed-- wrongly-- that the Association could not prove what its complaint asserted. The Association argues that the district court

---

[3]Under the public trust doctrine, all public waters are held in trust by the state for the use and enjoyment of the public. See, e.g., Larson v. Sando, 508 N.W.2d 782, 787 (Minn. Ct. App. 1993); State v. Bleck, 114 Wis. 2d 454, 338 N.W.2d 492, 497-98 (1983).

improperly ignored or discounted certain facts it alleged in support of its claim that the slow-no wake regulations are unconstitutionally vague on their face. The Associations argues that it specifically identified the many variables that made it impossible to determine the slow-no wake speed and argued that this imprecision made impossible both the provision of adequate notice and the establishment of minimal standards. The Association also offered the opinion of a nautical expert about small boats and minimum speeds and the statement of a state trial judge in a Wisconsin slow-no wake case.[4]

After reviewing the district court's memorandum opinion, we do not agree that the district court improperly ignored or discounted the facts alleged by the Association in its complaint. The district court properly accepted as true the Association's factual allegations that variables such as the size of the boat, the design of the boat, the water conditions, the weather and wind, the current, the operator's skill and experience, and the weight of the operator and any passengers, will affect "the slowest possible speed necessary to maintain steerage." Slip op. at 6. The district court also considered but rejected the Association's interpretation of the statement of the Wisconsin trial judge because the Association had taken the statement out of context. See id.

In addition, we note that, because the Association's complaint asserted a facial constitutional challenge, the issues presented to the district court were questions of law and the specific facts were not relevant. Cf. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1311-12 (4th Cir. 1995) (holding facial challenge to city ordinance on First Amendment grounds involved questions of law which could be resolved per Rule 12(b)(6)), vacated and remanded on other grounds, 517 U.S. 1206 (1996); Penn

---

[4]State v. Kolls, No. 94FO563 (Wis. Cir. Ct. Pierce Cty. Nov. 7, 1994) (Wing, J.) (reproduced in Joint Appendix at Tab A-1).

-6-

Advertising of Baltimore, Inc. v. Mayor & City Council, 63 F.3d 1318, 1322 (4th Cir. 1995) (holding facial attack on legal sufficiency of ordinance presented issues that were questions of law which could be resolved on motion for summary judgment without further development of factual record), vacated and remanded on other grounds, 518 U.S. 1030 (1996).

On the merits, the Association argues that the district court erred in holding that the slow-no wake regulations are not unconstitutionally vague on their face. The Association argues that the regulations require the operator of a motorboat to travel at a single speed, that is, "the slowest possible speed necessary to maintain steerage," which, the Association argues, is incapable of being known because so many variables affect the operator's ability to maintain steerage, variables such as the size and design of the boat, the water and weather conditions, the current, the skill and experience of the operator, and the weight of any cargo or passengers, and which are constantly changing. For this reason, the Association argues that the regulations require operators of motorboats to travel at an indefinite and constantly changing speed. The Association argues that the regulations thus set forth a standard of conduct that fails to give adequate notice to the public or to provide minimal guidance to law enforcement officials.

We hold that the slow-no wake regulations are not unconstitutionally vague on their face. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). "The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding." Sproles v. Binford, 286 U.S. at 393 (holding statute requiring trucks to follow the "shortest practicable route" was not too vague to be understood).

The slow-no wake regulations use ordinary words that are readily understood by persons of ordinary intelligence. In addition, these regulations were written specifically for a particular context, the operation of motorboats on the river, where the prohibited conduct can be easily measured by its impact on the normal activities conducted on the river. The particular context gives fair notice to those to whom it is directed. See Grayned v. City of Rockford, 408 U.S. 104, 112 (1972) (holding antinoise ordinance in school context was not impermissibly vague).

The slow-no wake regulations are not unconstitutionally vague because they do not specify a numerical maximum speed and instead require operators take into consideration many variables in order to travel at a speed no faster than necessary to maintain steerage and create no wake. As noted by the district court, some degree of uncertainty is tolerated in speed limit laws. See slip op. at 7. For example, laws prohibiting motorists from "driv[ing] a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing" have been upheld against void-for-vagueness challenges. Id. (citing cases); see also St. Croix I, 942 F. Supp. at 443 (citing cases); State v. Botsch, 44 Ohio App. 3d 59, 61, 541 N.E.2d 489, 491-92 (1989) (per curiam) (upholding regulation which prohibited creation of a wake within any area buoyed or marked as slow-no wake area even though, given nature of water, boats, boating, and the sea, water traffic regulation will probably always be determined with less precision than usually applied in motor vehicle traffic cases).

The Association also argues that the regulations are unconstitutionally vague because they failed to establish sufficient standards for law enforcement. The Association specifically argues that the regulations are arbitrarily enforced because law enforcement officers improperly rely on the size of the wake created, which, it argues, is not a reliable indicator of boat speed. We disagree. The regulations set forth a standard, albeit somewhat imprecise, which provides "minimal guidelines to

-8-

govern law enforcement." Smith v. Goguen, 415 U.S. 566, 574 (1974); see also Kolender v. Lawson, 461 U.S. at 358. In the slow-no wake zones, motorboat operators can travel at a speed no faster than necessary to maintain steerage and in such a way as to create no wake. We agree with the district court that the size of the wake can be relevant to the enforcement of a slow-no wake regulation. See slip op. at 8. The regulations do not grant "such standardless discretion" to law enforcement officials that they are free to enforce their own personal preferences. Grayned v. City of Rockford, 408 U.S. at 113 n.22 (citing cases). The regulations are not "completely subjective." Id. at 113, citing Coates v. City of Cincinnati, 402 U.S. 611 (1971) (holding ordinance was impermissibly vague because enforcement depended on "completely subjective" standard of "annoyance"). The regulations do not permit motorboat operators to travel on the river "only at the whim of any [law enforcement] officer." Id. at 114, citing Shuttlesworth v. City of Birmingham, 382 U.S. 87, 90 (1965).

The Association also argues the regulations are unconstitutionally vague because they are selectively enforced, that is, against individuals who operated certain types of motorboats and individuals who operated motorboats registered in other states. However, we do not think selective enforcement is relevant to a void-for-vagueness facial challenge because the constitutional basis for objecting to intentionally discriminatory application of the laws is the Equal Protection Clause, not the Due Process Clause. Cf. Whren v. United States, 517 U.S. 806, 813 (1996) (noting Constitution prohibits selective enforcement of the law based on considerations such as race, but constitutional basis for objecting to intentionally discriminatory application of laws is Equal Protection Clause, not Fourth Amendment).

The Association also argues that the district court erred in holding that the slow-no wake regulations do not violate the public trust doctrine. The Association

argues that the regulations subject the public to arbitrary criminal and quasi-criminal sanctions while traveling on the public waters and thus impinge upon the public's use and enjoyment of the public waters. We agree with the district court that, contrary to the Association's argument, the public trust doctrine does not prohibit the state from enacting motorboat speed limits in order to protect the public and the public waters. <u>See</u> slip op. at 9. Rather, the public trust doctrine supports the states' authority to regulate navigation and to protect and preserve the public waters. <u>See id.</u>; <u>see Pratt v. State</u>, 309 N.W.2d 767, 771 (Minn. 1981); <u>Wisconsin's Environmental Decade, Inc. v. Department of Natural Resources</u>, 85 Wis. 2d 518, 526, 271 N.W.2d 69, 76 (1978).

In sum, we hold that the slow-no wake regulations are not unconstitutionally vague on their face. Accordingly, we affirm the order of the district court dismissing the Association's complaint with prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.