UTICA MUTUAL INSURANCE COMPANY, Plaintiff,

and

The STOCKDALE AGENCY, and Ray Bryan, Plaintiffs–Intervenors,

v.

Winmill International, Inc., and David J. Miller, Jr., Defendants and Third–Party Plaintiffs,

v.

Leroy V. Abbott, Third–Party Defendant.

No. C97–4039–MWB.

United States District Court, N.D. Iowa, Western Division.

May 22, 1999.

John D. Mayne, Mayne & Mayne, Sioux City, IA, Walter J. Andrews, Marisa D. Faunce, Wiley, Rein & Fielding, Washington, DC, for Utica Mutual.

Michael L. Zenor, Zenor & Houchins Law Office, Spencer, IA, for Stockdale Agency, Raymond L. Bryan.

Arvid J. Swanson, Michael J. Myers, Arvid J. Swanson, P.C., Sioux Falls, SD, Mayer Kanter, Mayer Kanter Law Office, Sioux City, IA, for Winmill Intern., David J. Miller, Jr.

## MEMORANDUM OPINION AND ORDER REGARDING MOTIONS TO DISMISS COUNTERCLAIMS

BENNETT, District Judge.

A bench trial in this matter is scheduled to begin on July 6, 1999, but certain dispositive motions are still pending. Consequently, this matter comes before the court pursuant the September 24, 1998, motion of plaintiffs-intervenors the Stockdale Agency and Raymond L. Bryan to dismiss the proposed counterclaim of D.J.M. Investments and David J. Miller, Jr.; the October 27, 1998, motion of plaintiff Utica Mutual to dismiss the proposed counterclaim of D.J.M. Investments and David J. Miller, Jr.; and the December 1, 1998, motion of plaintiff Utica Mutual to dismiss the counterclaim filed by defendants Winmill and David J. Miller, Jr. Each of the motions was resisted, and Utica Mutual filed a reply brief in support of its motion to dismiss the counterclaims of defendants Winmill and Miller. These matters are now fully submitted and the court deems them appropriate for disposition without oral arguments. The court will consider the motions in turn.

The court recognizes that the counterclaim to which the September 24, 1998, motion to dismiss by the Stockdale Agency and Bryan was actually addressed—a proposed counterclaim of D.J.M. Investments and David J. Miller, Jr.—has been withdrawn. Nonetheless, the court will construe the Agency's and Bryan's motion as a motion to dismiss the counterclaim actually filed by Miller and Winmill, because the movants have neither withdrawn nor amended their motion in light of the counterclaim actually filed, and because the movants have in part argued their motion in terms of whether they owed a duty to "Winmill."

Turning to the substance of the September 24, 1998, motion to dismiss, the Agency and Bryan assert that neither D.J.M nor Miller has standing to pursue claims for injuries to their corporation, Winmill International, because there is no showing that D.J.M. and Miller, shareholders in Winmill, exhausted efforts to compel the corporation to file the counterclaim on its own behalf. Miller contends that this ground for dismissal is obviated by the fact that the proposed counterclaim by D.J.M. and Miller was withdrawn, and the counterclaim actually filed is in the name of Winmill and Miller. Miller also contends that he has alleged direct injuries to himself individually, not merely a "derivative" claim on behalf of Winmill.

■ Although a shareholder ordinarily does not have standing to bring a "derivative" suit on behalf of the corporation, *see* FED.R.CIV.P. 23.1; IOWA R.CIV.P. 44; *Heart of Am. Grain Inspection Serv., Inc. v. Missouri Dep't of Agriculture,* 123 F.3d 1098, 1102 (8th Cir.1997) ("[T]he judiciary has created a prudential standing requirement that a litigant must normally assert his own legal interests rather than those of third parties.") (internal quotation marks and citations omitted); *First Nat'l Bank of Council Bluffs v. One Craig Place, Ltd.,* 303 N.W.2d 688, 698 (Iowa1981), here, Winmill has actually asserted the counterclaim on its own behalf. Furthermore, the

court finds that Miller has indeed asserted in the counterclaim direct personal injuries, not simply a "derivative" claim by a shareholder for harm to the corporation. Therefore, Miller too has standing to assert his counterclaim. *See Heart of Am. Grain Inspection Serv., Inc.,* 123 F.3d at 1102 (" '[A] shareholder with a direct, personal interest in a cause of action [may] bring suit even if the corporation's rights are also implicated.' ") (quoting *Franchise Tax Bd. v. Alcan Aluminium Ltd.,* 493 U.S. 331, 336, 110 S.Ct. 661, 107 L.Ed.2d 696 (1990)); *Grogan v. Garner,* 806 F.2d 829, 835 (8th Cir.1986) (shareholders had standing to assert claims for personal harm); *One Craig Place,* 303 N.W.2d at 699.

Next, the Agency and Bryan assert that the counterclaim fails to state a claim upon which relief can be granted, because it fails to allege a legal duty that has been breached. Specifically, the Agency and Bryan contend that they had no legal duty to educate Winmill as to the nuances of American insurance law. Miller and Winmill contend that the duties asserted— which go beyond merely educating Winmill on American insurance law to encompass compliance with state laws, design of an appropriate insurance program and implementation of that program in accordance with, not contrary to, the terms of its implementing documents, and proper supervision of marketing methods and activities—arise from the circumstances alleged.

In considering a motion to dismiss under Rule 12(b)(6), the court must assume that all facts alleged in the plaintiff's complaint (or counterclaimant's counterclaim) are true, and must liberally construe those allegations. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *St. Croix Waterway Ass'n v. Meyer,* 178 F.3d 515, 519 (8th Cir.1999). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A motion to dismiss for failure to state a claim upon which relief can be granted should therefore be sustained " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Handeen v. Lemaire,* 112 F.3d 1339, 1347 (8th Cir.1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *accord Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

In this case, assuming that all facts alleged in Miller's and Winmill's counterclaim are true, and liberally construing those allegations, *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99; *St. Croix Waterway Ass'n,* 178 F.3d at 519, it is *not* " 'clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Handeen,* 112 F.3d at 1347 (quoting *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229); *accord Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. The duties upon which the counterclaim depends may indeed exist in the circumstances alleged. Therefore, the September 24, 1998, motion of plaintiffs-intervenors the Stockdale Agency and Raymond L. Bryan to dismiss the proposed counterclaim of D.J.M. Investments and David J. Miller, Jr., construed as a motion to dismiss the counterclaim actually filed by Miller and Winmill, will be denied.

Unlike the Agency and Bryan, Utica Mutual has specifically reiterated its motion to dismiss in light of the differences between the proposed counterclaim, which was later withdrawn, and the counterclaim actually filed. However, Utica Mutual appears to have adopted its brief in support of its first motion to dismiss in support of its second motion. Consequently, the court will deny as moot the October 27, 1998, motion of plaintiff Utica Mutual to dismiss the proposed counterclaim of D.J.M. Investments and David J. Miller, Jr., finding that motion has been mooted or superseded by the December 1, 1998, motion of plaintiff Utica Mutual to dismiss the counterclaim actually filed by defendants Winmill and David J. Miller, Jr.

■ Turning therefore to Utica's second motion to dismiss, Utica asserts that Winmill's and Miller's counterclaim against it fails to state a claim upon which relief can be granted, because the counterclaim is barred by Iowa's "direct action" statute, IOWA CODE § 516.1. Utica contends that the prerequisites to an action under § 516.1 have not been met, because Utica points out that Winmill and Miller have not obtained a judgment against Utica's insured, the Stockdale Agency, nor had execution of such a judgment returned unsatisfied. Miller and Winmill assert that their counterclaim is justified in response to Utica's own action against them, and that both the "direct action" statute and case law pertaining to it will be inapplicable if the court consolidates the present action with another action brought by Utica against the Stockdale Agency. This argument would seem to be considerably undermined, however, by the fact that a motion to consolidate the two cases was denied, and indeed, the action between Utica and the Stockdale Agency has been dismissed. However, Miller and Winmill also contend that case law demonstrates the availability of their counterclaim notwithstanding that they have not obtained a judgment against the Stockdale Agency, nor had execution on such a judgment returned unsatisfied.

The "direct action" statute in question, IOWA CODE § 516.1, provides in its entirety as follows:

All policies insuring the legal liability of the insured, issued in this state by any company, association or reciprocal exchange shall, notwithstanding any other provision of the statutes, contain a provision providing that, in event an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the insurer to the same extent that such insured could have enforced the insured's claim against such insurer had such insured paid such judgment.

IOWA CODE § 516.1. Thus, by its plain terms, the statute only provides the injured party with a direct action against the insured if the injured party has first obtained a judgment against the insured and execution upon that judgment has been returned unsatisfied. *Accord Iowa Mut. Ins. Co. v. McCarthy,* 572 N.W.2d 537, 541 (Iowa 1997) ("Iowa's direct action statute gives an injured party ... a cause of action against the insurer if the injured party obtains a judgment that he cannot collect by execution against the insured."). Indeed, in *Farm & City Ins. Co. v. Coover,* 225 N.W.2d 335 (Iowa 1975), the Iowa Supreme Court specifically stated that the right of action under the "direct action" statute "does not accrue until after judgment is obtained and an execution is returned unsatisfied." *Coover,* 225 N.W.2d at 336. Although Miller and Winmill have neither obtained a judgment against the Stockdale Agency nor had an execution on such a judgment returned unsatisfied, these facts do not necessarily mean that their counterclaim against Utica is barred by the "direct action" statute.

■ The proper question is whether the "action" in Winmill's and Miller's counterclaim is one barred by failure to meet the prerequisites of the "direct action" statute. The "right of action" given to the "judgment creditor" under § 516.1 is specified to be an action "to the same extent that [the] insured could have enforced the insured's claim against [the] insurer had such insured paid such judgment," that is, in the event the injured person had already obtained a judgment against the insured. IOWA CODE § 516.1. Thus, the kind of action to which the "direct action" statute appears to apply is an action for *reimbursement* from the policy; the statute does not, by its plain terms, bar an action for determination of *coverage* under the policy prior to the injured party obtaining a judgment against the insured.

Decisions of the Iowa Supreme Court clarify that the "direct action" statute *does not* bar an injured party from participation in a declaratory action concerning coverage under the policy. As Miller and Win-

mill have pointed out, in both *Coover* and *McCarthy* the Iowa Supreme Court held that an injured party had a "justiciable" interest in insurance coverage between an insured and insurer, and the injured party was therefore a proper, although not a "necessary," party to a declaratory judgment action brought by the insurer against the insured to determine coverage. *See McCarthy*, 572 N.W.2d at 540–41 (an injured party had standing to pursue an appeal of a declaratory judgment where the injured party was a party to the declaratory judgment action); *Coover*, 225 N.W.2d at 336 (the injured party was a proper, but not a "necessary," party to the declaratory action concerning coverage between the insured and the insurer). Indeed, in *Coover*, the Iowa Supreme Court observed that it was the "direct action" statute itself that "gives the injured person an interest in the liability insurance policy adverse to both the insurer and the insured at the time of the injury." *Coover*, 225 N.W.2d at 336. The court found further that the statute is "designed to protect the injured person, not the insurer or the insured," and so "[i]t does not permit the insurer and insured to do anything by litigation or agreement between them alone to abrogate or compromise coverage existing at the time of the accident." *Id.* Similarly, in *McCarthy*, the Iowa Supreme Court held that the injured party, who was a party to the declaratory judgment action concerning coverage brought by the insurer, was "a proper party with its own interest to protect" such that the injured party could "proceed with [an] appeal" of the district court's coverage determination. *McCarthy*, 572 N.W.2d at 540.

To make the distinction between a reimbursement action under the "direct action" statute and a declaratory judgment action concerning coverage even clearer, the Iowa Supreme Court pointed out in *Coover* that although a "direct action" on the part of the injured party had not yet accrued, the injured party was still a proper party to the declaratory judgment action, because there was a justiciable controversy between that party and the insurer that accrued at the time of the injury. *Coover*, 225 N.W.2d at 336. This court has not found any decision of an Iowa appellate court specifically authorizing a declaratory judgment action brought by the injured party over assertions of a bar pursuant to § 516.1, but the court nonetheless concludes that the logic of *Coover* and *McCarthy* supports the viability of such a claim.

The counterclaim Winmill and Miller are attempting to assert against Utica in this action is in fact a declaratory claim concerning coverage, rather than a reimbursement claim. Winmill and Miller seek declarations that their claims against the Stockdale Agency and Bryan "are those for which the insured would have been covered under the coverage provisions of the [errors and omissions] policy, if the claim had been made during the policy period"; that their claims "would have been covered under the coverage provisions of the [errors and omissions] policy, and the Extended Reporting Period, if the insured's right to obtain tail coverage had been honored by Utica"; and that "Utica has a legal obligation to issue tail coverage to Stockdale Agency" or "has the legal obligation to respond to the claims now being brought by Defendants Miller and Winmill as if the tail coverage had been issued." Counterclaim, ¶ 40(a)–(c). Such a counterclaim is not barred by Iowa Code § 516.1, and consequently does state a claim upon which relief can be granted. *See Handeen*, 112 F.3d at 1347 (a motion to dismiss pursuant to Rule 12(b)(6) should be sustained " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' ") (quoting *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229); *accord Conley*, 355 U.S. at 45–46, 78 S.Ct. 99.

THEREFORE,

1. The September 24, 1998, motion of plaintiffs-intervenors the Stockdale Agency and Raymond L. Bryan to dismiss the proposed counterclaim of D.J.M. Investments and David J. Miller, Jr., construed as a motion to dismiss the counterclaim

actually filed by Miller and Winmill, is **denied.**

2. The October 27, 1998, motion of plaintiff Utica Mutual to dismiss the proposed counterclaim of D.J.M. Investments and David J. Miller, Jr., is **denied as moot.**

3. The December 1, 1998, motion of plaintiff Utica Mutual to dismiss the counterclaim filed by defendants Winmill and David J. Miller, Jr., is **denied.**

   IT IS SO ORDERED.