# IN THE COURT OF APPEALS OF IOWA

No. 19-0563
Filed March 4, 2020

**CHARLES ALLEN RICHARDS,**
     Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR MONONA COUNTY,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

     Charles Richards appeals the dismissal of his petition for declaratory judgment. **AFFIRMED.**

     Charles Richards, Ankeny, self-represented appellant.

     Thomas J. Miller, Attorney General, and Emily Willits and Andrew Ewing, Assistant Attorneys General, for appellee.

     Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

In 2008, the Iowa District Court for Monona County (Monona) entered a small-claims default judgment in favor of an entity named LVNV Funding LLC and against Charles Richards. In 2018, Richards brought this action for declaratory judgment against Monona. He filed this action in the Iowa District Court for Woodbury County (the district court).[1] He asked the district court to declare Monona's 2008 judgment "without legal effect, null and void." Monona moved for dismissal, arguing Richards failed to present a claim upon which relief can be granted. The district court granted the motion and dismissed the case. Richards appeals.[2]

> As the district court explained in its dismissal order, Richards
>
> has named the wrong respondent in [this] action. No relief may be granted against [Monona]. The rights of [Richards] cannot be restored or altered by bringing suit against [Monona]. To alter the rights of the plaintiff in the first action, that party must be a party to current action or the rights of that party remain the same. [Monona] has no right or interest in the funds at issue in the first case therefore, there can be no adjudication of a nonexistent right.

*See, e.g.*, *Farm & City Ins. Co. v. Coover*, 225 N.W.2d 335, 336 (Iowa 1975) ("A declaratory judgment may not be sought against a party who does not hold a concrete adverse legal interest."); *Greenbriar Grp., L.L.C. v. Haines*, 854 N.W.2d

---

[1] Iowa has only one "unified trial court." Iowa Code § 602.6101 (2018). "This court is *the* 'Iowa District Court.'" *Id.* (emphasis added). So, technically, the "courts" in Monona County and Woodbury County are really both the same court, the Iowa District Court. *See id.*

[2] "We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Dier v. Peters*, 815 N.W.2d 1, 4 (Iowa 2012). "We accept as true the facts alleged in the petition and typically do not consider facts contained in either the motion to dismiss or any of its accompanying attachments." *Id.* (citation omitted).

46, 50–51 (Iowa Ct. App. 2014) ("The mere filing of a declaratory judgment action does not, in and of itself, create a justiciable controversy. This is because the declaratory judgment rules do not create substantive rights; instead, they merely provide a mechanism to secure judicial relief in an expeditious manner. Thus, even in a declaratory judgment action there still must exist a justiciable controversy between the parties.").

And to the extent Richards claims Monona exceeded its jurisdiction or acted illegally in the underlying small-claims action, the proper vehicle to bring that claim would have been a writ of certiorari—not in a petition for declaratory judgment against the allegedly offending court.[3] *See* Iowa R. Civ. P. 1.1401.

We have considered all of the parties' respective arguments, whether explicitly discussed here or not. We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**

---

[3] While Iowa Court Rule 6.108 allows us to treat an appeal as an application for writ of certiorari, it does not "operate to extend the time for initiating a case." Here, Richards was required to file an application for writ of certiorari within thirty days of the 2008 summary judgment ruling. *See* Iowa R. Civ. P. 1.1402(3). That deadline has long since passed. So assuming we may treat this appeal as an application for issuance of a writ of certiorari relating to the 2008 judgment, we deny the writ as untimely.