In re Terry E. **ORRICK**, Debtor.

**SAFECO INSURANCE COMPANY**, Plaintiff,

v.

Terry E. **ORRICK**, Defendant.

Bankruptcy No. 84–00620.
Adv. No. 84–0219.

United States Bankruptcy Court, N.D. Oklahoma.

July 12, 1985.

Rick Folluo, Tulsa, Okl., for plaintiff.

John K. Harlin, Jr., Tulsa, Okl., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

MICKEY D. WILSON, Bankruptcy Judge.

This action was brought by Safeco Insurance Company, (Safeco), who requests that the debt owed Safeco by Terry E. Orrick, (Orrick), be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Arguments concerning Safeco's motion for summary judgment were heard May 29, 1985, and the decision taken under advisement. Safeco has attached uncertified copies of the complaint, answer and judgment entered in a previous federal case between these parties to their motion for summary judgment and requests that this Court take judicial notice of the prior action. Both Safeco and Orrick have submitted copies of the jury instructions issued in that prior case.

By virtue of the pleadings attached to Safeco's motion for summary judgment, it is admitted that Orrick filed a complaint against Safeco in *Orrick v. Safeco,* No. 82–C–804–E (N.D.Okla. Oct. 28, 1983), alleging wrongful breach of insurance con-

tract. Orrick alleged that Safeco refused to recompense Orrick for loss of his automobile by fire. Safeco filed an answer to the complaint admitting that the car was totally destroyed by fire, denying the fire was compensable under the terms of the policy, that the fire was not accidental and that Orrick was responsible for the destruction. Trial was held and the jury entered verdict for Safeco and against Orrick. The Court then entered judgment for attorney fees and costs in the sum of $19,515.50 in favor of Safeco pursuant to 36 Okla.Stat. § 3629.

Safeco's motion for summary judgment asserts that the jury verdict in *Orrick v. Safeco* and the judgment entered by the Court in favor of Safeco and against Orrick render the judgment debt nondischargeable in bankruptcy. Safeco argues that further litigation in bankruptcy court concerning this debt is barred by doctrines of res judicata, collateral estoppel and estoppel by judgment. Orrick's response to Safeco's motion disputes that there was a jury finding based on intentional, malicious or willful injury to property, which are elements necessary to find a debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Orrick argues that the issue before the Bankruptcy Court is the dischargeability of a judgment debt for attorney fees and costs, a matter which has not yet been litigated. Orrick states that doctrines of res judicata, collateral estoppel and estoppel by judgment do not apply to this bankruptcy proceeding and that Orrick is therefore entitled to discharge of this debt and denial of Safeco's motion for summary judgment.

■ The first matter for consideration is the extent to which this Court is bound by the prior action. Res judicata and collateral estoppel are the two primary legal devices used to ensure the finality of judicial decisions. Res judicata, or "claim preclusion" prevents the relitigation of claims and defenses available to parties in a prior suit. Collateral estoppel, or "issue preclusion" prevents parties from relitigating only those issues actually and necessarily litigated in a prior proceeding. Ferriel, *The*

*Preclusive Effect of State Court Decisions in Bankruptcy*, 58 American Bankr.L.J. 349, 350 (Fall 1984). In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the U.S. Supreme Court refused to apply the doctrine of res judicata in dischargeability proceedings pursuant to § 17 of the former Bankruptcy Act, and held that a bankruptcy court is not confined to a review of the judgment and record in prior state court proceedings when considering the dischargeability of a judgment debt. In so doing, however, the Court added:

This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit ... (citations omitted) ... If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court. *Id.*, note 10.

These same principles apply to matters in which there has been a prior federal court decision. "... [T]here was little difference in the doctrine of res judicata as expounded in state and federal courts. Indeed, that is still true, so that it is still usually a moot question whether the effect of a federal judgment is determined by federal law or state law." Restatement, Second Judgments § 87 comment a (1982). *See also* comment b.

In *Matter of Ross*, 602 F.2d 604 (3d Cir.1979), the court said,

... *Brown v. Felsen*, (citations omitted) indicates that the doctrine of collateral estoppel may be applicable to dischargeability determination by the bankruptcy court. In order for the doctrine to bar relitigation of the dischargeability issue, the bankruptcy court would have to find that: '... (1) the issue sought to be precluded must be the same as that

involved in the prior action; (2) the issue must have been actually litigated; (3) that issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.'

*Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir.1976), *In re Creekmore*, 20 B.R. 164, 167 (Bankr.W.D.Okla.1982).

From the record, it is clear that the issues in *Orrick v. Safeco* were fully litigated before a jury and that the jury entered verdict for Safeco and against Orrick. It is clear that the issue of whether or not Orrick was responsible for the fire which destroyed his automobile was a determination essential to the judgment of whether or not Safeco has breached the insurance contract. There is no question as to the validity and finality of the District Court judgment.

■ Thus, the principal question remaining in this matter is whether the issues before this Court are the same as those that were involved in *Orrick v. Safeco;* i.e., whether the same standards were used to define willful and malicious injury in *Orrick v. Safeco* as this Court must use to determine dischargeability pursuant to 11 U.S.C. § 523(a)(6). Title 11 U.S.C. § 523 provides in pertinent part:

(a) A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

*       *       *       *       *       *

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Historical and Revision Notes comment that,

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [(1904)] [24 S.Ct. 505, 48 L.Ed. 754, 11 Am.Bankr.Rep. 568], held that a looser standard is intended, and to the extent that other cases have relied on

*Tinker* to apply a 'reckless disregard' standard, they are overruled.

Notes of Committee on the Judiciary, House Report No. 95–595. Therefore, willful and malicious injury by the debtor to another entity or to the property of another entity requires that the willful act be one committed deliberately or intentionally. The jury in *Orrick v. Safeco* was instructed that the:

... burden is upon the plaintiff to establish by a preponderance of the evidence the following facts:

First: That a contract existed between plaintiff and defendant in which defendant promised to pay for the accidental destruction of plaintiff's car.

Second: That the destruction of plaintiff's car was accidental.

Third: That defendant has refused to pay under the terms of the contract.

"Accidental" was then defined to mean "happening by chance or unexpectedly, undesigned, unintentional, unforeseen, or unpremeditated" on the part of Terry Orrick. The jury was also instructed that:

Defendant, Safeco Insurance Co., denies it has breached the contract of insurance, asserting the fire which destroyed plaintiff's car was intentionally set by plaintiff and therefore outside the coverage provided by the contract of insurance.

Comparing the elements that must be proven to obtain nondischargeability of a debt for willful and malicious injury in a bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(6) with the elements that plaintiff was required to prove in his claim for breach of insurance contract in *Orrick v. Safeco*, the Court concludes that they are the same. Both actions essentially require that Orrick intended his actions and deliberately performed them.

The jury was also instructed that:

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a 'preponderance of the evidence.' A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force

and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a 'preponderance of the evidence' merely means to prove that the claim is more likely so than not so.

Orrick's failure to meet the burden of proof with the evidence presented in *Orrick v. Safeco* and the arguments and briefs submitted concerning Safeco's motion for summary judgment in this bankruptcy court clearly convinces this Court that Orrick willfully, maliciously and with specific intent destroyed his own automobile.

 Orrick also contends that the sole issue before the bankruptcy court is the dischargeability of a judgment debt for attorney fees and costs. These fees and costs are a direct consequence of Orrick's suit brought against Safeco for breach of insurance contract in *Orrick v. Safeco*. Had Orrick not brought suit against Safeco, it is reasonable to conclude that there would be no fees and costs resulting from litigation. Accordingly, this Court concludes that the judgment debt for attorney fees and costs resulting from *Orrick v. Safeco* is properly brought before the Court in a complaint seeking exception to Orrick's discharge pursuant to 11 U.S.C. § 523(a)(6), *See In re Romero*, 535 F.2d 618, 623 (10th Cir.1976); *Dutton v. Schwartz*, 21 B.R. 1014 (D.Mont.1982).

By its own independent determination and review of the pertinent facts and issues involved in *Orrick v. Safeco*, this Court finds that all pertinent facts and issues have necessarily been litigated and that any further action by this Court is barred by collateral estoppel. This renders the judgment debt for attorney fees and costs previously awarded to Safeco nondischargeable in Orrick's bankruptcy case number 84–00620, pursuant to 11 U.S.C. § 523(a)(6). As all material issues of fact in Safeco's complaint have been previously litigated in *Orrick v. Safeco*, this Court further finds that no questions as to any material fact remain for determination. Therefore, this matter may properly be dis-

posed of pursuant to Rule 56 Fed.R.Civ.P. made applicable to bankruptcy proceedings through Rule 7056 Fed.R.Bankr.P. Summary judgment is appropriate and Safeco's motion for summary judgment should be, and hereby is, granted.

Pursuant to Rule 7052 Fed.R.Bankr.P., the above constitutes the findings of fact and conclusions of law.