**In re Marvin and Constance JARRETT.**

**David Solomon and Edward H. Schieffler, Plaintiffs,**

v.

**Marvin Thomas Jarrett, Defendant.**

**Bankruptcy No. 2:03–bk–13489M.**
**Adversary No. 2:03–ap–1203.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Dec. 18, 2003.

---

**14.** *New Concept Housing, Inc.,* 951 F.2d at 939.

**15.** *Id.*

James F. Valley, J. F. Valley, P.A., Helena, AR, for Debtors.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Pending before the Court is a motion filed pursuant to Federal Rule of Bankruptcy Procedure 7012(b) by the Defendant (hereinafter "Jarrett") who is a debtor in this Chapter 7 bankruptcy case. Jarrett's motion requests that a complaint filed against him be dismissed for failure to state a claim upon which relief can be granted. The complaint seeks to deny the dischargeability of a debt Jarrett owes for

attorneys fees for services performed by the Plaintiffs, David Solomon and Edward Schieffler, Attorneys–at–Law (hereinafter "Solomon" and "Schieffler"). The complaint alleges that the debt is the result of Jarrett's intentional acts of discrimination against white voters of Phillips County, Arkansas, while Jarrett served as Chairman of the Phillips County Election Commission.

The factual allegations of the complaint are summarized as follows:

Jarrett was a defendant in a civil action titled "Mcintosh, et al. v. Jarrett, et al." in the Circuit Court of Phillips County, Arkansas. Jarrett, acting as Chairman of the Phillips County Election Commission, caused a drastic change of the polling places in Phillips County less than 30 days before the November 5, 1996 General Election, and it was determined by the Circuit Court of Phillips County that Jarrett intentionally discriminated against the voters.

The judgment of the Circuit Court of Phillips County awarded nominal damages of $100.00 to Joann Smith and $1.00 each to the other plaintiffs. The Circuit Court also awarded the plaintiffs in the Circuit Court action a judgment for their attorney's fees and costs pursuant to the Arkansas Civil Rights Act of 1993. *See* Ark. Code Ann. § 16–123–101–108 (Michie Supp.2003). The Circuit Court assessed the fees against Jarrett in the sum of $12,352.55 plus $450.00 costs.

Attached to the complaint to determine dischargeability is a copy of the state court judgment reciting the names of the plaintiffs to whom the $12,352.55 plus costs is awarded. The complaint concludes that debts arising from "intentional acts and attorneys fees from said underlying judgment are non dischargeable pursuant to 11 U.S.C. § 523(a)(6)." (Complaint to Determine Dischargeability, June 26, 2003.)

After a hearing on the motion to dismiss, the Court wrote the parties and requested briefs. The Debtor failed to file any brief. The plaintiffs filed a brief reiterating that section 523(a)(6) of the Bankruptcy Code is a valid cause of action and adding causes of action pursuant to 523(a)(4),(7), and (17) as exceptions to discharge that apply to the facts in this case.

Federal Rule of Bankruptcy Procedure 7012 incorporates Federal Rule of Civil Procedure 12(b)-(h). Applicable in adversary proceedings, Federal Rule of Civil Procedure 12(b) provides the following: "The following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).

For purposes of ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b), the factual allegations in the complaint are assumed to be true and are construed in the light most favorable to the plaintiff. *St. Croix Waterway Ass'n. v. Meyer*, 178 F.3d 515, 519 (8th Cir.1999); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990).

A motion to dismiss for failure to state a claim upon which relief may be granted is not generally favored and will be granted only if the complaint fails to allege facts which would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 5A Wright & Miller, Federal Practice and Procedure at § 1357(quoting *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99). As stated by the Court of Appeals for the Eighth Circuit, "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to relief." *Schaller Telephone Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736 (8th Cir.2002)

(citing *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir.1993)).

A complaint should not be dismissed because the facts alleged do not support the legal theory relied upon. "[T]he court is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory." 5A Wright & Miller, Federal Practice and Procedure at § 1357 n. 40. *See also Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1334 (8th Cir.1975) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir.1974)).

Furthermore, failure to cite the correct statute does not affect the merits of the claim asserted and is not a basis to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 45–46 (2d Cir.1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 563 n. 1 (2d Cir.1988)(en banc)).

### 11 U.S.C. § 523(a)(6)

### Willful and Malicious Injury

The plaintiffs argue that Jarrett's conduct violates 11 U.S.C. § 523(a)(6). That section of the Bankruptcy Code provides, "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity...." 11 U.S.C. § 523(a)(6) (2000).

▇▇ Pursuant to section 523(a)(6), nondischargeability will be determined only if the debtor's actions are proven to be both willful and malicious. *In re Long*, 774 F.2d 875, 882 (8th Cir.1985). The term "willful" means deliberate or intentional. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989 (8th Cir.1999). The willful conduct is not merely an intentional act leading to injury; the injury itself must be intentional. *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Malicious conduct is defined as behavior "targeted at the creditor ... At least in the sense that the conduct is certain or almost certain to cause ... harm." *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743–44 (8th Cir.1991) (quoting *In re Long*, 774 F.2d 875, 880–81 (8th Cir.1985)).

▇▇ The debt at issue resulted from Jarrett's violation of the Arkansas Civil Rights Act of 1993. *See* Ark.Code Ann. § 16–123–101–108 (Michie Supp.2003). The applicable law is section 105 of chapter 123 of title 16 of the Arkansas Code.[1] Section 105 allows for the payment of attorneys fees to the injured party. A debtor in bankruptcy may not discharge his liability for attorneys fees due an injured party if the fees were assessed in connection with a judgment against the debtor for damages resulting from willful and malicious injury. *See, e.g., In re Ellerbee*, 177 B.R. 731, 747 (Bankr.N.D.Ga.1995) (stating

---

1. The Arkansas Code provides,
 (a) Every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress.
 (b) In the discretion of the court, a party held liable under this section shall also pay the injured party's cost of litigation and a reasonable attorney's fee in an amount to be fixed by the court.
 (c) When construing this section, a court may look for guidance to state and federal decisions interpreting the federal Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983, as in effect on January 1, 1993, which decisions and act shall have persuasive authority only.
 Ark.Code Ann. § 16–123–105 (Michie Supp. 2003).

that if the debt for attorneys fees was proximately cause by willful and malicious conduct, the fees are nondischargeable), *aff'd, Ellerbee v. Mills*, 78 F.3d 600 (11th Cir.1996); *In re Limbaugh*, 155 B.R. 952, 961 (Bankr.N.D.Tex.1993) (ruling that attorneys fees awarded in connection with nondischargeable judgment against debtor for violating wire tap statute was excepted from discharge as arising out of the willful and malicious conduct).

 In this case, however, the nominal damages and attorneys fees were awarded to the plaintiffs in the Circuit Court action. The complaint does not allege that the fees were awarded directly to the Circuit Court plaintiffs' attorneys, Solomon and Schieffler. Even if the facts alleged in the complaint to determine nondischargeability would support a finding of willful and malicious injury by the Debtor, the nondischargeable debt is one Jarrett owes to the Circuit Court plaintiffs who suffered the harm and were awarded the judgment that resulted in their status as creditors of Jarrett. Only a creditor of the debtor has standing to pursue a nondischargeable debt arising out of a willful and malicious injury. 11 U.S.C. § 523(c)(2000) ("debtor shall be discharged from a debt of a kind specified in paragraph ... (4), (6) ... of subsection (a) ... unless, on request of the creditor to whom such debt is owed, ... the court determines such debt to be excepted from discharge"); *Kinnally v. Fonnemann (In re Fonnemann)*, 128 B.R. 214, 219 (Bankr.N.D.Ill.1991) (dismissing attorney's nondischargeability complaint against debtor for fees incurred in representing debtor's wife allegedly injured by debtor's willful and malicious conduct; alleged injurious acts were aimed at debtor's wife and not at attorney)(citing *Vaccariello v. Lagrotteria*, 43 B.R. 1007, 1011 (N.D.Ill. 1984); *In re Black*, 95 B.R. 819 (Bankr.

M.D.Fla.1989); *In re Linn*, 88 B.R. 365, 366 (Bankr.W.D.Okla.1988)).

 Solomon and Schieffler's complaint is flawed for a second reason. Jarrett was found by the Circuit Court to be liable to the plaintiffs under the Arkansas Civil Rights Act, which does not require both willful and malicious conduct in order to establish a violation of the plaintiffs' civil rights that would result in damages. Yet under the Eighth Circuit view, both willfulness and malice must be proven by a creditor seeking to except a debt pursuant to section 523(a)(6). Solomon and Schieffler's complaint does not allege malicious conduct on the part of Jarrett, and, therefore, does not allege a cause of action under section 523(a)(6). To violate the civil rights of voters is certainly a reprehensible act. However, not every intentional bad act resulting in monetary damages has been designated by Congress to be nondischargeable.

Therefore, under the facts alleged in the complaint, section 523(a)(6) is not a cause of action upon which relief can be granted.

11 U.S.C. § 523(a)(7)

Fine, Penalty, or Forfeiture

 Solomon and Schieffler argue in their brief that the debt may also be determined to be nondischargeable under 11 U.S.C. § 523(a)(7). However, this section is clearly inapplicable to the facts as alleged.

The section provides that a debt may be excepted from discharge, "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty...." 11 U.S.C. § 523(a)(7)(2000).

The section is applicable to fines, penalties or forfeitures that are "payable to and

for the benefit of a governmental unit." Assuming without deciding that an award of attorney's fees constitutes a fine or penalty, the Court finds that this section has no application here because the complaint does not allege that Solomon and Schieffler's attorneys fees are for debts owed to a governmental unit. It appears from the Circuit Court judgment that Jarrett owes attorneys fees to Phillips County for legal services performed in Jarrett's defense, but that he does not owe the county for attorneys fees for services performed by Solomon and Schieffler.

## 11 U.S.C. § 523(a)(17)

### Expenses of Civil Action Assessed to Debtor

■ Plaintiffs also argue that the facts alleged in the complaint may bar the discharge of the attorneys fee debt under 11 U.S.C. § 523(a)(17).

11 U.S.C. § 523(a)(17) provides that a debt is nondischargeable if it is

> for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under § 1915(b) or (f) of title 28, or the debtor's status as a prisoner, as defined in section 1915(h) of title 28.

This section excepts from discharge fees, costs, or expenses assessed by a court in any civil action, regardless of the debtor's assertion of poverty or the debtor's status as a prisoner. One well-known bankruptcy treatise has characterized this code section in the following manner:

> Unfortunately, section 523(a)(17) is not clearly drafted and might be read to refer to the filing fees or costs and expenses incurred in civil actions or appeals by any debtor, not only debtors who are prisoners. Such a broad reading of section 523(a)(17) is unwarranted.

This new exception to discharge was enacted as part of a legislative reform of a specific subject: in forma pauperis prisoner litigation. There is no indication that Congress intended to enact a broad exception to discharge that would encompass costs incurred in civil litigation concerning debts that are not otherwise nondischargeable under another paragraph of section 523(a).

4 Collier on Bankruptcy ¶ 523.23 (Alan N. Resnick & Henry J. Sommer, et al. eds., 15th ed. rev.1993).

The facts alleged in the complaint do not bar a discharge under 11 U.S.C. § 523(a)(17).

## 11 U.S.C. § 523(a)(4)

### Debt for Defalcation

■ Finally, Solomon and Schieffler argue that the debt may be determined to be nondischargeable under 11 U.S.C. § 523(a)(4) as a debt arising from a "defalcation while acting in a fiduciary capacity." They contend that Jarrett was a fiduciary of a statutorily created trust by virtue of his position as election commissioner.

■ However, courts construing this statute generally define "defalcation" very narrowly. The editors of Collier on Bankruptcy state, "Defalcation refers to a failure to produce funds entrusted to a fiduciary and applies to conduct that does not necessarily reach the level of fraud, embezzlement or misappropriation." 4 Collier on Bankruptcy at ¶ 523.[b]. The complaint does not allege any facts constituting a defalcation under this narrow definition.

■ Moreover, plaintiffs proceeding under section 523(a)(4), like those relying on section 523(a)(6), must be creditors of the debtor as required by section 523(c). Since Solomon and Schieffler are not al-

leged to be creditors of Jarrett, they are not eligible to bring this cause of action.

Therefore, for these reasons, the motion to dismiss is granted, and plaintiffs have 20 days to plead further consistent with this opinion.

IT IS SO ORDERED.