**In re Mariza SUAREZ, Debtor.**

**Mariza Suarez, Appellant,**

**v.**

**Tracy Barrett, Appellee.**

**BAP No. SC–07–1401–MoJuKw**
**Bankruptcy No. 05–14824.**
**Adversary No. 06–90302.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument Nov. 21, 2008.

Filed Jan. 16, 2009.

734

Jeffrey D. Schreiber, La Jolla, CA, for debtor.

Gerald H. Davis, Coronado, CA, trustee.

Before: MONTALI, JURY, and KWAN,[1] Bankruptcy Judges.

MONTALI, Bankruptcy Judge:

We address in this opinion a case of apparent first-impression in the Ninth Circuit, viz., whether a chapter 7 debtor may discharge a judgment for attorneys fees and costs where that is the only monetary liability imposed on her for contempt for violating a court order. She may not.

Debtor–Appellant, Mariza Suarez ("Suarez"), appeals from a judgment of nondischargeability under section 523(a)(6)[2] regarding a judgment awarded to Creditor–Appellee, Tracy D. Barrett ("Barrett") in a state court civil contempt proceeding. For the reasons set forth below, we AFFIRM.

## I. FACTS

**Prepetition Facts**

The record before us is sparse, consisting primarily of pleadings and orders filed in Suarez's bankruptcy case and in family law proceedings between Suarez and her former spouse, Kevin R. Barrett ("Kevin"). However, the relevant facts are not in dispute.

Kevin is currently married to Barrett. Since at least 2003, Suarez and the Barretts have been embroiled in a lengthy and acrimonious dispute between them as to child custody, visitation and support, which has resulted in numerous hearings in the Superior Court of California, County of San Diego ("State Court").

Barrett claims that on or about October 29, 2003, Suarez assaulted her, causing Barrett various physical and psychological injuries and prompting Barrett to file a petition for a three-year permanent restraining order against Suarez in State Court.[3] After a hearing on November 20, 2003, the State Court issued an order granting Barrett injunctive relief (the "Injunction") against Suarez, enjoining her from contacting, molesting, harassing, attacking, threatening, assaulting, or telephoning Barret, blocking her movements in public places or thoroughfares, and ordering Suarez to stay at least 100 yards from Barrett, her residence and her workplace.

Sometime in early or mid–2005, Barrett filed a motion in the State Court to hold Suarez in contempt for violating the terms of the Injunction. After a trial on August 16, 2005, the State Court found that Suarez repeatedly violated the Injunction and found her guilty of contempt of a court order, pursuant to California Code of Civil Procedure § 1209(a)("CCP § 1209(a)").

---

1. Hon. Robert N. Kwan, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23.

3. Although the record is not conclusive on this issue, on appeal Suarez does not deny the assault allegations by Barrett.

Suarez was ordered to serve five days in jail and to pay Barrett's attorneys fees and costs in connection with the contempt proceeding. The State Court awarded the attorneys fees and costs under California Code of Civil Procedure § 1218(a)("CCP § 1218(a)"), which sets out the penalties for contempt violations under CCP § 1209(a). It also issued a Minute Order on that same day, stating: "Upon consideration of the evidence and testimony presented, the Court finds by proof beyond a reasonable doubt that defendant Mariza Suarez has violated the permanent injunction prohibiting harassment issued November 20, 2003 numerous times and is therefore held in contempt of court." A final judgment was entered on September 14, 2005, awarding Barrett $11,573.00 for her attorneys fees and costs ("Fees and Costs Judgment").

**Postpetition Facts**

Suarez filed a voluntary petition under chapter 7 on October 15, 2005. Barrett filed her Amended Complaint to Determine Dischargeability of Debt on November 15, 2006, seeking to except the Fees and Cost Judgment from discharge under section 523(a)(6) as a willful and malicious injury by the debtor. In her Answer, Suarez admitted that the State Court found that she intentionally violated the Injunction, but denied that there was any finding of "injury" to Barrett.

The bankruptcy court held a trial on the nondischargeability action on September 6, 2007. Suarez asserted that since the State Court awarded Barrett only her attorneys fees and costs, rather than compensable damages as a result of a willful and malicious injury by Suarez, then this "stand alone" debt was dischargeable because it consisted only of statutory attorneys fees

and costs to a prevailing party in a State Court contempt proceeding. The court ordered Suarez to file a supplemental brief that responded to three cases the court believed demonstrated that such a debt is nondischargeable. In her supplemental brief, Suarez attempted to distinguish the three cases, noting that in each case there was an underlying judgment awarding compensatory damages for actual injury to the creditor in addition to an award for attorneys fees and costs. The court took the matter under submission.

On October 10, 2007, the bankruptcy court entered a Memorandum Decision. It was not persuaded by Suarez's arguments. After thoroughly explaining the findings of the State Court in the contempt proceeding and applying controlling United States Supreme Court and Ninth Circuit authority on nondischargeability of a debt under section 523(a)(6), the bankruptcy court stated:

> All of the violations are clearly "willful" within the meaning of § 523(a)(6) because they were aimed at Ms. Barrett and substantially certain to result in injury to Ms. Barrett. Ms. Barrett had two choices when the conduct occurred, suffer in silence, or pursue enforcement of the outstanding order. In doing so, she was substantially certain to incur fees and costs, and the monetary sanction imposed was compensatory for those fees and costs. Debtor's conduct was "malicious" within the meaning of § 523(a)(6), as well, consisting of knowing and intentional acts in violation of a known restraining order—and therefore wrongful, done without just cause or excuse, and necessarily produced the very injury for which the compensatory sanction award was made.[4]

4. We have no transcript from the bankruptcy court trial. However, we do have before us a

post-judgment certification order from the bankruptcy court (issued pursuant to 28

As a result, the bankruptcy court concluded that the Fees and Costs Judgment was nondischargeable under section 523(a)(6). The court entered its Judgment to this effect on October 10, 2007. Suarez timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157(b)(2)(I) and 1334. We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err when it determined that the Fees and Costs Judgment was nondischargeable, arising out of a "willful and malicious injury" under section 523(a)(6)?

## IV. STANDARD OF REVIEW

■ The issue of dischargeability of a debt is a mixed question of fact and law that is reviewed *de novo*. *Miller v. U.S.*, 363 F.3d 999, 1004 (9th Cir.2004)(citing *Diamond v. Kolcum (In re Diamond)*, 285 F.3d 822, 826 (9th Cir.2002)).

## V. DISCUSSION

Suarez, appearing *pro se*, has adopted the supplemental trial brief filed by her former counsel and submitted it as her appellate brief. She asserts that since Barrett received no damage award for any injury, and the Fees and Costs Judgment awarded was merely statutory and penal in nature and not compensatory or punitive, it fails to satisfy the elements of a willful and malicious "injury" under section 523(a)(6) and is therefore dischargeable.

Suarez does not challenge on appeal the bankruptcy court's findings that her con-

duct leading to contempt was willful and malicious. Nevertheless, in the interest of completeness and because Suarez appears without counsel, we address briefly all of the relevant issues presented in a section 523(a)(6) determination such as this.

### A. The Elements Of A § 523(a)(6) Claim.

■ The plaintiff bears the burden of proving that her claim against a debtor/defendant is excepted from discharge under § 523(a)(6) by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Section 523(a)(6) provides in relevant part:

(a) A discharge under 727 ... does not discharge an individual debtor from any debt—

. . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

A determination whether a particular debt is for "willful and malicious injury by the debtor to another" under section 523(a)(6) requires application of a two-pronged test to apply to the conduct giving rise to the injury. The creditor must prove that the debtor's conduct in causing the injuries was both willful and malicious. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146–47 (9th Cir.2002); and *see Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 711 (9th Cir.2008)(recent case reinforcing *Su* and the requirement of courts to apply a separate analysis in each prong of "willful" and "malicious").

■ Willfulness requires proof that the debtor deliberately or intentionally injured the creditor, and that in doing so, the debtor intended the consequences of

U.S.C. § 753(f), requiring the trial court to certify whether or not the appeal is frivolous) stating that "[t]he facts [are] not in real dis-

pute because they [have] already been determined by the [S]tate [C]ourt."

his act, not just the act itself. *Su*, 290 F.3d at 1143 (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) for support). The debtor must act with a subjective motive to inflict injury, or with a belief that injury is substantially certain to result from the conduct. *Id.* at 1146.

■ For conduct to be malicious, the creditor must prove that the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. *Id.* at 1146–47.

As neither of these elements has been challenged by Suarez on appeal, we accept that her conduct was both wilful and malicious.

## B. Conduct Leading To A Judgment For Contempt Of A Court Order May Be Determined To Be Willful And Malicious Under Section 523(a)(6).

■ Section 523(a)(6) does not make "contempt" sanctions nondischargeable *per se*, and neither does any other subpart of section 523(a). Whether contempt sanctions are nondischargeable accordingly depends not on whether they are labeled as "contempt," but on whether the conduct leading to them was "willful and malicious."

Although the Ninth Circuit has not weighed in on the nondischargeability of a "contempt" judgment, at least one other circuit has held that a contempt judgment against a debtor in bankruptcy can be immune from discharge under section 523(a)(6). The Eighth Circuit addressed this issue in *Siemer v. Nangle (In re Nangle)*, 274 F.3d 481 (8th Cir.2001), cited by the bankruptcy court in its Memorandum Decision. There, the creditor obtained a judgment which included punitive damages against the debtor in Illinois state court.

The creditor pursued the debtor in Missouri, recording the Illinois judgment and starting collection efforts. A Missouri court subsequently held the debtor in contempt for failing to comply with a court order to produce documents disclosing his assets and imposed a "compensatory fine," which consisted of the Illinois judgment doubled. Debtor then filed bankruptcy. The bankruptcy court found the contempt judgment nondischargeable. The Eighth Circuit BAP reversed. The Eighth Circuit then reversed the BAP, stating:

> The key question, we believe, is whether the contempt order established that Mr. Nangle's failure to comply with a court order constituted "willful and malicious" conduct. We believe that it did and therefore that the debt arising from it is nondischargeable under § 523(a)(6).

*Id.* at 484. In other words, when the debtor's conduct leading to the contempt judgment was "willful and malicious," then the debt arising from that willful and malicious conduct suffices as an injury and is nondischargeable under section 523(a)(6).

*Nangle* did not go as far as adopting a *per se* rule that failing to comply with a court order constitutes willful and malicious conduct as a matter of law within the meaning of section 523(a)(6). We do not need to go that far either. However, some courts have taken this view. Two frequently cited bankruptcy court cases holding contempt judgments nondischargeable under section 523(a)(6) are *PRP Wine Int'l. v. Allison (In re Allison)*, 176 B.R. 60 (Bankr.S.D.Fla.1994), and *Buffalo Gyn Womenservices, Inc. v. Behn (In re Behn)*, 242 B.R. 229 (Bankr.W.D.N.Y.1999).

In *Allison*, the court denied discharge of a debt to a debtor who continued to breach a "no compete" clause in an employment agreement after a state court issued a temporary injunction, holding that such

failure to comply with court directives contained in an injunction order satisfies the definition of "willful and malicious" within section 523(a)(6). *Id.* at 64.

In *Behn,* the court explained:

> ... [W]hen a court of the United States ... issues an injunction or other protective order telling a specific individual what actions will cross the line into injury to others, then damages resulting from an intentional violation of that order (as is proven either in the Bankruptcy Court or (so long as there was a full and fair opportunity to litigate the questions of volition and violation) in the issuing court) are *ipso facto* the result of a "willful and malicious injury."
>
> This is because what is "just" or "unjust" conduct as between the parties has been defined by the court.... An intentional violation of the order is necessarily without "just cause or excuse" and cannot be viewed as not having the intention to cause the very harm to the protected persons that order was designed to prevent.

*Id.* at 238. *See Heyne v. Heyne (In re Heyne),* 277 B.R. 364, 369 (Bankr. N.D.Ohio 2002)(same).

█ We are persuaded by the reasoning of the Eighth Circuit in *Nangle* that a debt for contempt sanctions may be nondischargeable under section 523(a)(6) when the conduct leading to the contempt is willful and malicious, as determined by *Su.* Applying that reasoning to the conceded facts presented by the record in this case, we see no clear error in the bankruptcy court's finding that Suarez's Injunction violations were clearly "willful" within the meaning of section 523(a)(6) because they were aimed at Barrett and substantially certain to result in injury to Barrett. Nor do we find clear error in the court's finding that Suarez's conduct was "malicious" within the meaning of section 523(a)(6) be-

cause she knowingly and intentionally violated the Injunction, her conduct was wrongful, done without just cause or excuse, and that it caused Barrett "injury" in the form of attorneys fees and costs.

We next address the third element of *Su*—the focus of this appeal—viz., whether Suarez's conduct necessarily produced an "injury" for which the Fees and Costs Judgment was awarded, recognizing as we have, that Barrett was not awarded any compensatory damages for Suarez's contempt.

## C. The Fees And Costs Judgment, Even Without A Compensatory Monetary Award, Gives Rise To A Nondischargeable Debt Under Section 523(a)(6).

█ Established case law holds that a debtor's obligation for attorneys fees and costs is excepted from discharge under section 523(a)(6) as a "debt for" debtor's willful and malicious injury when awarded by the state court "with respect to" or "by reason of" the same underlying conduct that precluded discharge of the underlying compensatory damages award. *Nolan v. Smith (In re Smith),* 321 B.R. 542, 548 (Bankr.D.Colo.2005)(applying the rationale of *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998)) for nondischargeability of attendant attorneys fees and costs under section 523(a)(2)(A) to section 523(a)(6); *Star's Edge, Inc. v. Braun (In re Braun),* 327 B.R. 447, 452 (Bankr.N.D.Cal.2005)(applying *Cohen* to reach same result regarding statutory damages for copyright infringement); *Mills v. Ellerbee (In re Ellerbee),* 177 B.R. 731, 744 (Bankr.N.D.Ga.1995)(attorneys fee obligation imposed on debtor by same state court judgment that gave rise to nondischargeable judgment debt is likewise excepted from discharge as an additional kind of damages flowing from debt-

or's underlying willful and malicious tort), aff'd, 78 F.3d 600 (11th Cir.1996); *Solomon v. Jarrett (In re Jarrett)*, 303 B.R. 816, 820 (Bankr.E.D.Ark.2003)(same); *Biggers v. Wilson (In re Wilson)*, 216 B.R. 258, 269 (Bankr.Wis.1997) (same); *AU Pharm., Inc. v. Whitner (In re Whitner)*, 179 B.R. 699, 703 (Bankr.E.D.Okla. 1995)(same); and *Littlefield v. McGuffey (In re McGuffey)*, 145 B.R. 582, 597 (Bankr.N.D.Ill.1992) (same).

Here, there is no question that the Fees and Costs Judgment awarded to Barrett under CCP § 1218(a) was the proximate result of Suarez's conduct for her willful and malicious violation of the Injunction, and, presumably, had the State Court granted Barrett even one penny in compensatory damages separate from the Fees and Costs Judgment, Suarez could not make the same argument she does here because there would be an additional underlying compensatory award.

There appears to be no Ninth Circuit (or any other circuit) case law on this distinctive issue of what is the result when there is no underlying judgment debt for contempt and the injured creditor is awarded only statutory attorneys fees and costs. Neither Suarez nor the bankruptcy court cited any cases on point. But we have found a remarkably similar situation involving a sanctions order and apply its reasoning to the Fees and Costs Judgment against Suarez.

In *Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205 (9th Cir.1995), the state appellate court ordered sanctions against the debtor, some of which were awarded to the creditors and some to the court, because debtor's intentionally filing of a frivolous appeal necessarily caused harm to the creditors by requiring them to incur unnecessary litigation costs, attorneys fees, and delayed final resolution of the dispute. Subsequently, the creditors sought to have their portion of the sanction award determined as a nondischargeable debt under section 523(a)(6). Based upon the principles of collateral estoppel (issue preclusion), the Ninth Circuit, affirming this Panel and the bankruptcy court, held that the state court sanctions judgment for filing a frivolous appeal was a "willful and malicious" nondischargeable debt under section 523(a)(6) because the debtor acted intentionally and his conduct necessarily caused harm to the creditors in the form of attorneys fees and delay. *Id.* at 209. In other words, there was no underlying monetary obligation other than the sanction, yet the court found the sanction nondischargeable nonetheless.[5]

*Zelis* is almost on all fours with this case. The only difference is that in *Zelis* the sanction awarded to the creditors was imposed for debtor's filing a frivolous appeal, as opposed to debtor's violation of a court order. However, this is a difference without distinction. Whether a sanction of attorneys fees and costs is imposed for filing a frivolous appeal or imposed for violating a court order, no underlying judgment debt is necessary for the attorneys fees and costs to be a nondischargeable debt under section 523(a)(6).

We find further support for our reasoning in pre-*Geiger*, out-of-circuit case, *Safeco Ins. Co. v. Orrick (In re Orrick)*, 51 B.R. 92 (Bankr.N.D.Okla.1985). There, the debtor filed suit against his insurer, Safeco, in state court for wrongful breach

---

**5.** We recognize that *Zelis* was decided pre-*Geiger* and cites *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986) which provided the previous standards for "willful and malicious"—requiring only an intended act that causes injury. However, we are confident that even if *Zelis* were issued today and applied the standards set forth in *Geiger* and *Su,* the result would be the same.

of contract for refusing to recompense him for loss of his car by fire. Safeco alleged that debtor intentionally burned his own car. A trial was held, the state court determined that debtor did burn his car, and it entered judgment for attorneys fees and costs in favor of Safeco. Subsequently, Safeco sought to have the attorneys fees and costs determined as a nondischargeable debt under section 523(a)(6). In its opinion, the bankruptcy court stated:

> Orrick's failure to meet the burden of proof with the evidence presented ... and the arguments and briefs submitted concerning Safeco's motion for summary judgment in this bankruptcy court clearly convinces this Court that Orrick willfully, maliciously and with specific intent destroyed his own automobile.
>
> ... [T]he sole issue before the bankruptcy court is the dischargeability of a judgment debt for attorney fees and costs. These fees and costs are a direct consequence of Orrick's suit brought against Safeco for breach of insurance contract.... Had Orrick not brought suit against Safeco, it is reasonable to conclude that there would be no fees and costs resulting from litigation. Accordingly, this Court concludes that the judgment debt for attorney fees and costs resulting from *Orrick v. Safeco* is properly brought before the Court in a complaint seeking exception to Orrick's discharge pursuant to 11 U.S.C. § 523(a)(6) (internal citations omitted).
>
> ... [T]his Court finds that all pertinent facts and issues have necessarily been litigated and that any further action by this Court is barred by collateral estoppel. This renders the judgment debt for attorney fees and costs previously awarded to Safeco nondischargeable ... pursuant to 11 U.S.C. § 523(a)(6).

*Id.* at 96.

Just as in this case, the only award at issue in *Orrick* was creditor Safeco's attorneys fees and costs; there was no underlying judgment for damages due to Orrick's willful and malicious conduct. Despite this, the attorneys fees and costs were found nondischargeable under 523(a)(6).

Finally, the policy and principles of *Cohen v. de la Cruz* apply here. Although we appreciate the fine line Suarez would have us draw between contempt judgments with and without compensatory awards, it is clear that the Fees and Costs Judgment debt was "as a result of," "with respect to" and "by reason of" Suarez's willful and malicious violation of the Injunction. Barrett's action against Suarez arose solely out of those wrongful acts, and as the bankruptcy court noted Barrett had two choices: to suffer in silence, or pursue enforcement of the outstanding order. Neither the law nor basic fairness require the former; the latter was the natural consequence of Suarez's contemptuous behavior. In electing to pursue her remedies, Barrett was substantially certain to incur fees and costs, and the monetary sanction imposed was to compensate her for those fees and costs. We agree with the bankruptcy court's reasoning. Furthermore, Suarez has not shown that any portion of the Fees and Costs Judgment constituted payment for liability arising from anything other than her willful and malicious acts toward Barrett and her contempt of the State Court.

## CONCLUSION

■ We conclude that attorneys fees and costs awarded to a judgment creditor in relation to a debtor's underlying willful and malicious contemptuous conduct, even when no compensatory judgment debt exists, constitute a nondischargeable debt under section 523(a)(6). Consequently, the bankruptcy court did not err when it determined the Fees and Costs Judgment is

nondischargeable under section 523(a)(6), and we therefore AFFIRM.

JURY, Bankruptcy Judge, concurring:

I agree that with the majority that the debt at issue is nondischargeable under § 523(a)(6), and I do not quibble with its well-reasoned analysis. However, I write separately because I believe our conclusion is not only consistent with the Supreme Court's decision in *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) but is compelled by it. Although there was an underlying monetary judgment in *Cohen*, that factual circumstance did not impact the Supreme Court's statutory analysis, nor should the lack of a damages judgment here impact ours.

Section 523(a)(6) prevents discharge of "any debt for a willful and malicious injury by the debtor to another entity ...." § 523(a)(6). The *Cohen* court construed the phrase "debt for" used throughout the various subsections of § 523 to mean "debt as a result of," "debt with respect to," "debt by reason of," and the like, "connoting broadly any liability arising from the specified object...." *Id.* at 220, 118 S.Ct. 1212. The Supreme Court did not write that monetary damages were necessary to its decision.

Here, the $11,573 debt at issue unquestionably is "as a result of", "with respect to" and "by reason of" debtor's violation of the injunction and court order. But for debtor's willful and malicious behavior, no attorneys fees and costs would have been incurred nor awarded by statute. Just as the attorneys fees found nondischargeable in *Cohen* were linked to an underlying judgment for damages, the attorneys fees and costs here are linked to an underlying judgment for injunctive relief. No distinction exists.

The plain meaning of § 523(a)(6) as construed by the *Cohen* court compels our conclusion that the fees and costs are nondischargeable.