**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MARIZA SUAREZ, | No. 09-60007 |
| Debtor, | BAP No. SC-07-1401-MoJuKw |
| MARIZA SUAREZ, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| TRACY BARRETT, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Montali, Jury, and Kwan, Bankruptcy Judges, Presiding

Submitted June 18, 2013[**]

Before:      TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Mariza Suarez, a Chapter 7 debtor, appeals pro se from the Bankruptcy

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's judgment affirming the bankruptcy court's judgment, following a trial, determining that Suarez's debt to Tracy Barrett is nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(6). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1204-05 (9th Cir. 2001). We affirm.

The bankruptcy court properly determined that the debt in question resulted from a willful and malicious injury and therefore was not subject to discharge under 11 U.S.C. § 523(a)(6). *See Ormsby v. First Am. Title Co. (In re Ormsby)*, 591 F.3d 1199, 1206-07 (9th Cir. 2010) (setting forth elements of § 523(a)(6)); *Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205, 208-09 (9th Cir. 1995) (affirming bankruptcy court's determination that debtor's conduct resulting in state court's award of sanctions was willful and malicious and therefore sanctions were nondischargeable).

Suarez's contentions concerning the propriety of the state court contempt ruling are unpersuasive.

Suarez's motion to strike Attachment 5A from Barrett's excerpts of record, filed on April 25, 2011, is granted.

**AFFIRMED.**