

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KEVIN M. HEALY, | No. 15-60044 |
| Debtor, | BAP No. 13-1200 |
| _____ | |
| KEVIN M. HEALY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| M. CYNTHIA ROSE, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kurtz, and Jury, Bankruptcy Judges, Presiding

Submitted April 18, 2017[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  D.W. NELSON and IKUTA, Circuit Judges, and BURGESS,*** Chief District Judge.

Chapter 7 debtor Kevin M. Healy ("Healy") appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's judgment that Healy's debt to M. Cynthia Rose ("Rose") is excepted from discharge under 11 U.S.C. § 523(a)(6).  We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.  Because the parties are familiar with the facts, we do not recount them here.

The BAP correctly held that the bankruptcy court did not err in excepting Rose's state court fee awards from discharge under 11 U.S.C. § 523(a)(6).  The bankruptcy court properly determined that there was no legal basis for Healy's state court complaint against Rose and that Healy's challenges to the state court fee awards lacked merit.  *See Moore v. Conliffe*, 871 P.2d 204, 209 n.5 (Cal. 1994) ("The [California Supreme Court] in *Silberg* explicitly recognized that a 'fraudulent communication' or 'perjured testimony' made in the course of a judicial proceeding is absolutely privileged and does not provide a basis for avoiding the finality of the decision made in the litigation process itself." (quoting *Silberg v. Anderson*, 786 P.2d 365, 373 (Cal. 1990))); *id.* at 219 ("[S]tatements

***   The Honorable Timothy M. Burgess, United States Chief District Judge for the District of Alaska, sitting by designation.

2

made in the course of a private contractual arbitration proceeding are protected by the litigation privilege embodied in [California Civil Code] section 47(b)(2).").

Further, the bankruptcy court's findings of fact were not clearly erroneous. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008) ("[W]e accept findings of fact made by the bankruptcy court unless these findings leave the definite and firm conviction that a mistake has been committed . . . .") (citation and internal quotation marks omitted). Ample evidence supports the bankruptcy court's finding that when Healy, an attorney with significant litigation experience, filed the state court action accusing Rose of perjury, he did so knowing it lacked legal merit and in order to harass Rose.

The bankruptcy court did not err in concluding that 11 U.S.C. § 523(a)(6) was satisfied. Section 523(a)(6) "provides that an individual debtor may not discharge a debt 'for willful *and* malicious injury by the debtor to another entity or the property of another entity.'" *In re Barboza*, 545 F.3d 702, 706 (9th Cir. 2008) (quoting 11 U.S.C. § 523(a)(6)). With respect to the willful injury prong, the bankruptcy court properly concluded that in filing and prosecuting a lawsuit to annoy and harass Rose, with the knowledge that the suit was meritless, Healy acted deliberately, intentionally, and for the purpose of injuring Rose. *See id.* ("A willful injury is a deliberate or intentional *injury*, not merely a deliberate or intentional *act*

3

that leads to injury.") (citation and internal quotation marks omitted). The bankruptcy court also appropriately found that the malicious injury prong was satisfied. *See id.* ("A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.") (citation and internal quotation marks omitted). The bankruptcy court did not err in concluding that Healy's state court lawsuit against Rose constituted a wrongful act because his claims were barred by the California litigation privilege. Further, as the bankruptcy court determined, Healy intentionally prosecuted the action against Rose, his conduct necessarily caused financial injury to Rose, and there was no just cause or excuse for such conduct, particularly given that Healy was an attorney.

The BAP also properly rejected Healy's arguments concerning the state court judge and the propriety of the state court judgment. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). Moreover, even if those arguments were properly before us, the *Rooker-Feldman* doctrine would bar them. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) (asking a federal court to

4

declare a state court judgment void "is squarely barred by *Rooker-Feldman*; a request to declare the state court judgment void seeks redress from an injury caused by the state court itself"); *Fieger v. Ferry*, 471 F.3d 637, 644 (6th Cir. 2006) (holding that to the extent that plaintiff sought a declaration regarding the past actions of the state court justices, including their refusal to recuse themselves in past cases, the *Rooker-Feldman* doctrine precluded the federal courts from reviewing those past decisions).

We have considered and reject as without merit Healy's remaining arguments.

**AFFIRMED.**